```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NORTH DAKOTA
                      NORTHEASTERN DIVISION
```

William Roy St. John,            )
                                 )
            Petitioner,           )
                                 )    Criminal No. 2:00-cr-78
        vs.                      )    Civil No. 2:07-cv-99
                                 )
United States of America,        )
                                 )
            Respondent.           )

**OPINION AND ORDER**

Before the Court is Petitioner William St. John's motion under 28 U.S.C. § 2255 (doc. #48).[1]  Because his motion is barred by the statute of limitations, it is **DENIED**.

I.  **Facts**

In December 2000, the grand jury indicted St. John with one count of theft, one count of possession of a firearm by a convicted felon, one count of receiving a stolen firearm, and two counts of transportation of a stolen vehicle (doc. #1).  He entered into a non-binding plea agreement, agreeing to plead guilty to theft, possession of a firearm by a convicted felon, and two counts of transportation of a stolen vehicle (doc. #37).  The Court accepted the plea agreement, and St. John pled guilty to those four counts (doc. #36).  On April 25, 2002, the Court sentenced St. John to sixty months imprisonment (doc. #40).  His judgment was filed on April 30, 2002.  He did not appeal the

---

[1] All citations to the docket are to the criminal docket, 2:00-cr-78.

sentence, and his judgment became final on May 10, 2002.  See Fed. R. App. P. 4(b)(1)(A) (a defendant's notice of appeal must be filed within ten days of entry of judgment).  In November 2007, St. John filed this motion under 28 U.S.C. § 2255, raising various grounds of relief.

**II.  Discussion**

Section 2255, 28 U.S.C., allows a prisoner an avenue to attack his sentence when he believes his sentence is unconstitutional.  This collateral attack must be brought within one year of the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (2006).

St. John's judgment became final on May 10, 2002.  To be timely under 28 U.S.C. § 2255, his motion had to be filed by May 10, 2003.  It was not filed until November 2007.  Therefore, his motion is untimely under § 2255, and all arguments related to that motion are barred by the statute of limitations.  St. John's claims under 28 U.S.C. § 2255 are **DENIED WITH PREJUDICE**.

At page 16 of his motion, however, St. John asks this Court for relief under 28 U.S.C. § 2241.  He asks the Court to enjoin the United States from "forcibly medicating" him.  Section 2241 does not have a one-year statute of limitations, but this Court cannot address this claim for a different reason.

A prisoner may attack the execution of his sentence through a § 2241 motion in <u>the district where he is incarcerated</u>.  <u>Matheny v. Morrison</u>, 307 F.3d 709, 711 (8th Cir. 2002).  A challenge to the validity of the sentence itself must be brought under § 2255 in <u>the district of the sentencing court</u>.  <u>Id.</u>; <u>see also</u> <u>Hill v. Morrison</u>, 349 F.3d 1089, 1091 (8th Cir. 2003)("It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . ., and not in a habeas petition filed in the <u>court of incarceration</u> . . . under § 2241") (emphasis added).

In his medication argument, St. John is challenging the treatment he is receiving from the United States Bureau of Prisons, not the legality of his sentence.  A motion under § 2241 is the proper avenue for this single argument.  <u>See</u> <u>Singleton v. Norris</u>, 319 F.3d 1018, 1022-23 (8th Cir. 2003) (discussing the differences between 28 U.S.C. §§ 2241, 2254, and 2255 in the context of a state-custody, forcible medication case).  However, this Court does not have jurisdiction over a § 2241 claim because St. John is not incarcerated in this district.  Therefore, St.

John's claim under 28 U.S.C. § 2241 is **DISMISSED WITHOUT PREJUDICE.**

### III. Conclusion

St. John's motion under 28 U.S.C. § 2255 is **DENIED**.  In addition, the Court certifies that an appeal from the denial of these motions may not be taken in forma pauperis because an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  Upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings.  Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983).  Therefore, a certificate of appealability will not be issued by this Court.[2]

**IT IS SO ORDERED.**

Dated this 11th day of January, 2008.

/s/ Rodney S. Webb
RODNEY S. WEBB, District Judge
United States District Court

---

[2] The Court of Appeals for the Eighth Circuit has opined that the district courts possess the authority to issue Certificates of Appealability under Section 2253(c). Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).