IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

William Roy St. John,           )
                                )
                Petitioner,     )
                                )    Criminal No. 2:00-cr-78
        vs.                     )    Civil No. 2:08-cv-21
                                )
United States of America,       )
                                )
                Respondent.     )

**OPINION AND ORDER**

Before the Court is Petitioner William St. John's motion under 28 U.S.C. § 2255 (doc. #50).[1]  Because St. John has filed a second or successive motion under § 2255 without first receiving certification from the Eighth Circuit Court of Appeals under 28 U.S.C. § 2244, his motion is **DENIED**.

**I.   Facts**

In December 2000, the grand jury indicted St. John with one count of theft, one count of possession of a firearm by a convicted felon, one count of receiving a stolen firearm, and two counts of transportation of a stolen vehicle (doc. #1).  He entered into a non-binding plea agreement, agreeing to plead guilty to theft, possession of a firearm by a convicted felon, and two counts of transportation of a stolen vehicle (doc. #37).  The Court accepted the plea agreement, and St. John pled guilty to those four counts (doc. #36).  On April 25, 2002, the Court

_____

[1] All citations to the docket are to the criminal docket, 2:00-cr-78.

1

sentenced St. John to sixty months imprisonment (doc. #40).  His judgment was filed on April 30, 2002.  He did not appeal the sentence, and his judgment became final on May 10, 2002.  <u>See</u> Fed. R. App. P. 4(b)(1)(A) (a defendant's notice of appeal must be filed within ten days of entry of judgment).

In November 2007, St. John filed his first motion under 28 U.S.C. § 2255, raising various grounds of relief (doc. #48). This Court concluded most of St. John's claims were barred by the one-year statute of limitations found in § 2255 and dismissed the motion with prejudice (doc. #49).  However, St. John also challenged the United States Bureau of Prisons' ("BOP") treatment of him and asked the Court to enjoin the United States from "forcibly medicating" him.  The Court explained the claim was a challenge of the execution of his sentence, which must be challenged under 28 U.S.C. § 2241 in the district where St. John was incarcerated (doc. #49, at 3).  The Court dismissed the medication claim without prejudice.  St. John has now filed a second motion under § 2255 raising similar claims as the first (doc. #50).

## II. Discussion

Section 2255, 18 U.S.C., allows a prisoner to collaterally attack his conviction and sentence.  However, § 2255 provides some limitation on successive motions:

> A second or successive motion must be certified as
> provided in section 2244 by a panel of the appropriate
> court of appeals to contain—

 (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

 (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Because this is St. John's second or successive motion under § 2255, a panel of the Eighth Circuit must certify the motion as provided in 28 U.S.C. § 2244. The defendant has not obtained this authorization from the Circuit, so this Court cannot consider the merits of his motion. Accordingly, **IT IS ORDERED** that St. John's second motion under 28 U.S.C. § 2255 is **DENIED**.

However, at pages 11 and 23 of his motion, St. John makes the same argument for relief under 28 U.S.C. § 2241 regarding medication. He asks the Court to enjoin the United States from "forcibly medicating" him.

The Court makes the same explanation to St. John that it did before. A prisoner may attack the execution of his sentence through a § 2241 motion in the district where he is incarcerated. Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002).

In his medication argument, St. John is challenging the treatment he is receiving from the BOP, not the legality of his sentence. A motion under § 2241 is the proper avenue for this single argument. See Singleton v. Norris, 319 F.3d 1018, 1022-23 (8th Cir. 2003) (discussing the differences between 28 U.S.C. §§ 2241, 2254, and 2255 in the context of a state-custody, forcible medication case). However, this Court does not have jurisdiction

over a § 2241 claim because St. John is not incarcerated in this
district.  If St. John wishes to challenge the way in which the
BOP is medicating him, he must make the motion in the district of
incarceration, the United States District Court for the Western
District of Missouri.  Therefore, St. John's claim under 28
U.S.C. § 2241 is **DISMISSED WITHOUT PREJUDICE.**

## III. Conclusion

St. John's motion under 28 U.S.C. § 2255 is **DENIED**.  In
addition, the Court certifies that an appeal from the denial of
this motion may not be taken in forma pauperis because an appeal
would be frivolous and cannot be taken in good faith.  <u>Coppedge
v. United States</u>, 369 U.S. 438, 444-45 (1962).  Upon the entire
record before the Court, dismissal of the motion is not
debatable, reasonably subject to a different outcome on appeal,
or otherwise deserving of further proceedings.  <u>Barefoot v.
Estelle</u>, 463 U.S. 880, 893 n.4 (1983).  Therefore, a certificate
of appealability will not be issued by this Court.[2]

**IT IS SO ORDERED.**

Dated this 28th day of February, 2008.

RODNEY S. WEBB, District Judge
United States District Court

---

[2] The Court of Appeals for the Eighth Circuit has opined
that the district courts possess the authority to issue
Certificates of Appealability under Section 2253(c). <u>Tiedeman v.
Benson</u>, 122 F.3d 518, 522 (8th Cir. 1997).